IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY S. ORTIZ,

                Plaintiff,                OPINION AND ORDER

v.

                                                    11-cv-195-wmc

BRIAN KOOL, CHRISTINE BEERKIRCHER,
JEANETTE COOK, and MARLA WALTERS,

                Defendants.

---

      Plaintiff Gregory S. Ortiz is proceeding in this action on his claim that defendants retaliated against him in violation of his First Amendment rights against defendants Brian Kool, Christine Beerkircher, Jeanette Cook and Marla Walters, all employees at the Green Bay Correctional Institution.  Defendants have responded to the complaint and have filed a motion for summary judgment.  (Dkt. #38.)  Plaintiff's opposition to that motion was due on or before March 15, 2013.  Instead of responding, plaintiff filed a motion purporting to dismiss his complaint voluntarily, which includes a pointed request that the court only grant this motion.  (Dkt. #47.)  The court interprets this request as asking that the court's dismissal of his remaining claims be without prejudice, rather than on the merits of defendants' now unopposed motion for summary judgment.

      When a motion for voluntary dismissal is filed after a defendant has filed an answer, Federal Rule of Civil Procedure 41(a)(2) provides that the action may be dismissed by the plaintiff "only upon order of the court and upon such terms and conditions as the court deems proper."  Because defendants have been required to defend this action, the court will grant plaintiff's motion for voluntary dismissal only if

defendants agree to the proposed dismissal without prejudice. If the defendants do *not* agree to a dismissal without prejudice, then plaintiff will have an opportunity to withdraw his motion to dismiss *and* promptly file his past-due response to defendants' motion for summary judgment. Otherwise, the dismissal will be with prejudice.

ORDER

IT IS ORDERED that:

1) defendants may have until March 27, 2013, in which to advise plaintiff and the court whether they agree to dismissal of the remaining claims in this action without prejudice. If defendants agree to such a dismissal, the clerk of court is directed to close this case.

2) If defendants do not agree to such a dismissal, plaintiff may have until April 5, 2013, in which to (a) withdraw his motion for voluntary dismissal and file his response to defendants' motion for summary judgment; or (b) advise the court that he has no objection to a dismissal with prejudice.

3) If plaintiff fails to request withdrawal of his notice of voluntary dismissal by April 5, 2013, the clerk of court is directed to enter judgment dismissing this case with prejudice.

Entered this 20th day of March, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge